Jeffrey W. **HULSEY,** Movant-Appellant,

v.

**STATE of Missouri,** Respondent.

No. 14525.

Missouri Court of Appeals,
Southern District,
Division One.

May 14, 1986.

Motion for Transfer to Supreme Court Denied June 5, 1986.

Calvin R. Holden, Conklin, Holden & Wagner, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Judge.

Movant, Jeffrey W. Hulsey, was jury-convicted of first degree robbery, and sentenced to ten years' imprisonment by the trial court. He did not appeal his conviction. Hulsey later filed a motion to set aside his conviction and sentence pursuant to Rule 27.26,[1] which, after amendment, alleged that his trial attorney was ineffective by failing to 1) appeal the conviction, and 2) object to "statements made by the Prosecutor concerning the movant and his intentions of hurting individuals during the course of a robbery."

The state moved to dismiss the motion without evidentiary hearing on the grounds that the factual allegations of the motion were refuted by the record, and that the motion did not explain how Hulsey was prejudiced as a result of the alleged inadequacies of trial counsel. The motion court sustained the state's motion.

Hulsey's argument on appeal is that the motion court erred to his prejudice by sustaining the state's motion to dismiss, because his motion contained a sufficient factual basis to entitle him to an evidentiary hearing on the issue of whether his trial counsel was ineffective for failing to appeal his conviction because of "improper statements by the prosecutor during the trial which were prejudicial to the movant."

The point relied on, as written, violates the tenets of Rule 84.04(d), as it does not state what statements made by the prosecutor were improper, or how they were prejudicial. Thus, the objection is not properly preserved for review. Reversal because of plain error, as is authorized by Rule 84.13(c), is not justified, as our review of the record does not show any error, plain or otherwise on the part of the motion court.

In its written findings and conclusions, the motion court observed that the trial court docket sheet showed that Hulsey specifically waived his right to appeal, and made no claim in his 27.26 motion that such waiver was involuntary. It further found that the motion did not specifically state what improper remarks were made by the prosecutor, whether an objection to such remarks would have been sustained as a matter of law, or that Hulsey was prejudiced by such remarks, or how he was prejudiced by any act or omission of his trial counsel. These findings and conclusions were the basis for the motion court's conclusions that Hulsey's motion did not allege disputed facts unrefuted by the record which would entitle him to an evidentiary hearing on the issue of whether his trial counsel was ineffective. The motion court's findings and conclusions were not clearly erroneous.

An extended opinion would have no precedential value. Rule 84.16(b).

The order dismissing the motion to vacate conviction and sentence is affirmed.

TITUS, P.J., and FLANIGAN, J., concur.

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R.